CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
ALISON M. PRINGLE (SBN: 319995)
apringle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorneys for Defendant
TERRACYCLE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, <br><br> Plaintiff, <br><br> vs. <br><br> TERRACYCLE, INC., a Delaware corporation, d/b/a WWW.TERRACYCLE.COM, <br><br> Defendant. | Case No. **'25CV2535 TWR MMP** <br><br> *[San Diego County Superior Court Case No. 25CU043591C]* <br><br> **DEFENDANT TERRACYCLE, INC.'S NOTICE OF REMOVAL** <br><br> Complaint filed: August 19, 2025 |

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Terracycle, Inc. ("Defendant"), by and through its undersigned counsel, respectfully removes the above-captioned action (the "Action") currently pending in the Superior Court of the State of California in and for the County of San Diego (the "State Court") to the United States District Court for the Southern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, as well as diversity in this matter pursuant to 28 U.S.C. § 1332.

In support of its Notice of Removal, Defendant states as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because Plaintiff brings this civil action with a claim under a federal statute, the Wiretap Act.

2. This Court is in the judicial district and division embracing the place where the State Court Action was originally brought and is currently pending. Thus, this Court is the district court to which this case is properly removed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On or about August 19, 2025, Plaintiff filed a Complaint against Defendant in the State Court. That case is styled as *Rebeka Rodriguez v. Terracycle, Inc.,* Case No. 25CU043591C (the "State Court Action"). A true and correct copy of the Plaintiff's Complaint (the "Complaint") filed in the State Court Action is attached as **Exhibit A**.

4. On August 27, 2025, Defendant was served with the Summons and Complaint in the State Court Action. Attached hereto, and incorporated herein as **Exhibit B,** is a true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action.

5. Plaintiff pleads the following three causes of action: alleged violations of the Federal Wiretap Act, 18 U.S.C. § 2511; alleged violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51; and claims for intrusion upon seclusion. Plaintiff seeks an award of actual damages, statutory damages, reasonable attorneys' fees and costs, injunctive relief, and all other relief that would be just and proper as a matter of law or equity.

/ / /

/ / /

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Notice is being filed within 30 days of the Defendant's receipt of a copy of the Summons and Complaint in the State Court Action.

7. Defendant has not appeared in the State Court Action aside from the requisite notice of this Notice of Removal.

8. Defendant is also informed and believes that these documents and exhibits attached hereto constitute all of the process, pleadings, and orders on file in the State Court Action.

9. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of their position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of: (i) lack of jurisdiction over person; (ii) improper venue and/or *forum non conveniens;* (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join indispensable party(ies); or, (viii) any other procedural or substantive defenses available under state or federal law.

### FEDERAL QUESTION JURISDICTION

11. The Court has original jurisdiction of this action because Plaintiff brings a claim under a federal statute, the Wiretap Act. *See* 28 U.S.C. § 1331.

12. A federally created claim for relief is "generally a sufficient condition for federal-question jurisdiction." *Mims v. Arrow Fin'l Services, LLC*, 565 U.S. 368, 377 (2012) (quotation omitted). Thus, this Court possesses original jurisdiction over Plaintiff's Wiretap Act claim. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518, at *4 (N.D. Cal. May 31, 2018) (exercising federal question jurisdiction over Wiretap Act claim); *Fisher v.*

*TKFO Land Co., LLC*, 2015 WL 13917189, at *3 (C.D. Cal. Oct. 13, 2015) (same).

13. Further, the Court should exercise supplemental jurisdiction over Plaintiff's California state law claims because they "form part of the same case or controversy" as the Wiretap Act claim. 28 U.S.C. § 1367(a). The California state law claims in this case arise from the same factual underpinnings as the Wiretap Act claim: Plaintiff's allegations that the tracking pixel installed on Defendant's website intercepted the contents of communications between Plaintiff and the website. *See* Complaint, Ex. A, ¶¶ 35, 45; *Planned Parenthood*, 2018 WL 2441518, at *4 (exercising supplemental jurisdiction over state law claims).

14. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the proper amount of damages or attorney's fees due, if any, should Plaintiff prevail with respect to any of her claims.

## DIVERSITY JURISDICTION

15. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

**A.     Amount In Controversy**

16. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether it is "more likely than not" that the amount in controversy exceeds the threshold amount) (internal citation omitted). As explained by the Ninth Circuit, "the

-4-
DEFENDANT TERRACYCLE, INC.'S NOTICE OF REMOVAL

1 amount-in-controversy inquiry in the removal context is not confined to the face of
2 the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004)
3 (the district court may consider facts presented in the removal petition).

4     17.    Plaintiff seeks statutory damages, which are included in the amount in
5 controversy. *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989,
6 995 (9th Cir. 2022). Without conceding that the statutory maximum amount of
7 damages would be the proper measure of relief for any of Plaintiff's claims, or that
8 she is entitled to any relief, it is reasonably possible that the $75,000 amount in
9 controversy requirement is satisfied. Plaintiff requests statutory damages pursuant
10 to the Wiretap Act (Ex. A ¶ 40) and CIPA section 637.2 (*id.* ¶ 47, 101). The
11 Wiretap Act allows for "the greater of $100 a day for each day of violation or
12 $10,000." 18 U.S.C. § 2520(c)(2). Further, CIPA section 637.2 allows statutory
13 damages of $5,000 per violation or three times the amount of any actual damages,
14 whichever is greater. Cal. Penal Code § 637.2(a). Plaintiff also seeks punitive
15 damages, attorneys' fees, and injunctive relief, which are included in the amount in
16 controversy. *See Stolz v. Safeco Ins. Co. of Am.*, 798 F. App'x 52, 54 (9th Cir.
17 2019) (amount in controversy includes punitive damages); *Kroske v. U.S. Bank
18 Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (attorneys' fees); *Corral v. Select
19 Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (value of injunctive
20 relief).

21     18.    Given the actual damages, statutory damages, unspecified injunctive
22 relief, punitive damages, and attorney's fees sought by Plaintiff in this case, the
23 $75,000 threshold is easily met. *See* Complaint, Ex. A, Prayer.

24 **B.    Diversity**

25     19.    Plaintiff alleges in the Complaint that she is a resident and citizen of
26 California, and that Defendant is a Delaware corporation with a principal place of
27 business in New Jersey. *See* Complaint, Ex. A, at p.1, ¶ 9, and Summons.
28 / / /

20. Plaintiff is a California citizen and Defendant is a citizen of the States of Delaware and New Jersey. There is diversity of citizenship of the parties for purposes of federal jurisdiction. Thus, this case is subject to removal pursuant to 28 U.S.C. § 1332(a)(1).

## NOTICE

21. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the San Diego County Superior Court.

22. The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. § 1446(a).

23. Defendant does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including, but not limited to, those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having provided notice as is required by law, the above entitled action should be removed from the San Diego Superior Court to this Court.

Dated: September 25, 2025          Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
    Craig J. Mariam
    Alison M. Pringle
    Attorneys for Defendant
    TERRACYCLE, INC.

-6-
DEFENDANT TERRACYCLE, INC.'S NOTICE OF REMOVAL